UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO. _____

KEVIN SCOTT ZEEFE
737 Flint Ridge Road
Versailles, KY 40383                                                                                    PLAINTIFF

vs.                                            **COMPLAINT**

QUICKEN LOANS, INC.
20555 Victor Parkway
Livonia, MI 48152

       SERVE:    CT Corporation System
                      Registered Agent
                      4169 Westport Road
                      Louisville, KY 40207

                                                                                                                          DEFENDANT

\* \* \* \* \*

Comes the plaintiff, Kevin Scott Zeefe ("***Zeefe***") by counsel, and for his Complaint against Quicken Loans, Inc. ("***Quicken***") and states as follows:

**INTRODUCTION**

      1.      This lawsuit involves the willful, knowing, and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., which relates to the dissemination of consumer credit and other financial information ("***FCRA***").

**PARTIES**

      2.      Plaintiff restates and reiterates herein all previous paragraphs.

3. At all pertinent times, Plaintiff was and remains an individual domiciled in Versailles, Woodford County, Kentucky.

4. At all pertinent times, Quicken was and remains a Foreign Corporation and conducts business in Woodford County, Kentucky

5. Based on information and belief, Quicken is both a "*person*" and a "*user*" of consumer credit and other financial information, as said terms are defined and contemplated respectively, under the FCRA.

6. At all pertinent times, Trans Union, LLC was and remains a limited liability company organized under the laws of and registered to do business in Delaware, with its principal place of business being located in Illinois ("*CRA*").

7. Based on information and belief, CRA is both a "*person*" and a "*consumer reporting agency*," as said terms are defined under the FCRA.

### JURISDICTION AND VENUE

8. Plaintiff restates and reiterates herein all previous paragraphs.

9. The claims asserted herein arise under and pursuant to 15 U.S.C. §1681 et seq. and this Court's pendant state law claim jurisdiction.

10. This Court has jurisdiction of this litigation pursuant to the FCRA, 15 U.S.C. §1681p and 28 U.S.C. §1331.

11. Venue is properly laid in this district pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1391(b) and (c).

### FACTUAL ALLEGATIONS

12. Plaintiff restates and reiterates herein all previous paragraphs.

13. Based upon information and belief, prior to June 2007, Quicken and CRA entered into a written subscriber agreement in which CRA agreed to, among other things, provide "***consumer reports***" (as said term is defined under the FCRA) to Quicken for certain permissible and lawful purposes described under the FCRA and as set forth in said written subscriber agreement.

14. Based on information and belief, in or around June 2007 and on numerous occasions thereafter, Quicken requested and obtained Zeefe's consumer report from CRA and CRA provided (by computer or otherwise) Zeefe's consumer report to BAMS.

15. Based on information and belief, Quicken did not have a lawful purpose for requesting and obtaining Zeefe's consumer report from CRA, and therefore Quicken's requests and receipt of Zeefe's consumer report was in violation of the FCRA.

16. Quicken's failure to comply with the FCRA when it requested and obtained the Zeefe's consumer report was negligent, as contemplated under 15 U.S.C. §1681o of the FCRA.  As a result of said conduct by Quicken, Zeefe has been damaged.

17. In the alternative, Quicken's failure to comply with the FCRA when it requested and obtained Zeefe's consumer report was willful, as contemplated under 15 U.S.C. §1681n of the FCRA.  As a result of said conduct by Quicken, Zeefe has been damaged.

18. In the alternative, Quicken's request and receipt of Zeefe's consumer report constituted the knowing and willful receipt of information on a "***consumer***" (as said term is defined under the FCRA) from a consumer reporting agency under false pretenses, as contemplated under 15 U.S.C. §1681n and §1681q of the FCRA.  As a result of said conduct by Quicken, Zeefe has been damaged.

## COUNT ONE

19. Plaintiff restates and reiterates herein all previous paragraphs.

20. Pursuant to 15 U.S.C. §1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. §1681o, the costs of the action together with reasonable attorneys' fees.

21. As a result of Quicken's negligent failure to comply with the FCRA, Quicken is liable to Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of said failure and (ii) the costs of this action together with reasonable attorneys' fees.

## COUNT TWO

22. Plaintiff restates and reiterates herein all previous paragraphs.

23. Pursuant to 15 U.S.C. §1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. §1681n, the costs of the action together with reasonable attorneys' fees.

24. As a result of Quicken's willful failure to comply with the FCRA, it is liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by Plaintiff as a result

of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

### COUNT THREE

25. Plaintiff restates and reiterates herein all previous paragraphs.

26. Quicken's conduct, as described herein, constituted an invasion of Plaintiff's solitude and seclusion which was offensive to any person of ordinary sensibilities. Said invasion was an unreasonable intrusion into the private life and matters of Plaintiff and constituted a public disclosure of private matters, and has damaged Plaintiff.

27. Quicken's conduct, as described herein, constitutes an unlawful and actionable invasion of Plaintiff's privacy, which conduct has damaged Plaintiff, entitling Plaintiff to an award of damages, compensatory and punitive, against Quicken.

**WHEREFORE**, Plaintiff, Kevin Scott Zeefe, by counsel, demands relief against the Defendant, Quicken Loans, Inc., as follows:

A. Under Count One, a judgment against Defendant in an amount equal to any actual damages sustained by Plaintiff.

B. Under Count Two, a judgment against the Defendant in an amount equal to any actual damages sustained by Plaintiff or damages of not less than $100.00 and not more than $1,000.00, and such amount of punitive damages as are deemed fair and just by the trier of fact.

C. Under Count Three, a judgment against Defendant in an amount equal to any actual damages sustained by Plaintiff, and such amount of punitive damages as are deemed fair and just by the trier of fact.

D. Interest on the aforementioned judgments at the maximum rate and for the maximum duration allowed by law.

E. Trial by jury on all issues so triable.

F. Under Counts One, and Two, Three, Four and Six as required under the FCRA, an award of attorneys' fees and costs herein incurred.

G. Temporary and/or injunctive relief to require Defendant to cease any further similar unlawful activity.

H. Any and all other relief to which Plaintiff may be entitled, including the right to amend this Complaint to add additional claims and/or additional parties after conducting appropriate discovery.

BOROWITZ & GOLDSMITH, PLC


By: /s/ David B. Mour
DAVID B. MOUR
401 West Main, Suite 1100
Louisville, Kentucky 40202
(502) 584-7371
*Counsel for Plaintiff*